UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 06-070-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL THORNTON, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Michael Thornton has filed a motion for a sentence reduction pursuant to section 404 of the First Step Act of 2018 and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record No. 69] Thornton will be granted a five-month sentence reduction pursuant to the First Step Act. However, because he has failed to establish extraordinary and compelling circumstances warranting compassionate release under § 3582(c)(1)(A), that request will be denied.

I.

Defendant Michael Thornton pleaded guilty in 2006 to distributing and possessing with intent to distribute five grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1). On March 12, 2007, Thornton was sentenced to 240 months' imprisonment, to run consecutively to any previous state or federal sentence. [Record No. 37] The United States Court of Appeals remanded the matter for resentencing in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), which was decided after Thornton's

sentencing. On August 4, 2009, the Court resentenced Thornton to 240 months' imprisonment, to run consecutive to any previous state or federal sentence. [Record No. 60]

**II.**

The defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(B) and Section 404 of the First Step Act of 2018 ("the 2018 Act").[1] Pub. L. 115-391, 132 Stat. 5194. Section 404 of the 2018 Act allows courts to reduce defendants' sentences by applying sections 2 and 3 of the Fair Sentencing Act of 2010 ("FSA") retroactively. One purpose of the FSA was to reduce sentencing disparities among defendants convicted of crimes involving cocaine base and powder cocaine. The FSA amended 21 U.S.C. § 841 by increasing the amount of cocaine base required to trigger mandatory minimum sentences. Prior to enactment of the FSA, violations involving five grams or more of a mixture or substance containing cocaine base resulted in a sentence of at least five years' imprisonment, or at least ten years if the offense took place following a previous drug felony conviction. Following enactment of the FSA, it required a minimum of 28 grams of a mixture or substance containing cocaine base to trigger the same penalties. *See* 21 U.S.C. § 841(b)(1)(B) (effective Aug. 3, 2010).

The 2006 edition of the United States Sentencing Guidelines Manual was used at Thornton's sentencing. He was held responsible for 382.72 grams of cocaine base and assigned a base offense level of 34. However, Thornton was determined to be a career offender

---

[1] Thornton also cites cases in which defendants were permitted to seek habeas relief with respect to sentencing enhancements, but does not explain how these cases relate to the instant matter. To the extent the defendant has not made any attempt to develop these arguments, the Court has not addressed them.

within the meaning of U.S.S.G. § 4B1.1 and his offense level was increased to 37 as a result.[2] He received a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 34. Thornton's criminal history category was VI, both because of the number of criminal history points assigned to him and because of his status as a career offender. This resulted in a guidelines range of 262 to 327 months' imprisonment. Thornton was subject to a mandatory minimum sentence of ten years' imprisonment and a maximum of life. *See* 18 U.S.C. § 841(b)(1)(B) (effective July 27, 2006 to Apr. 14, 2009). He was sentenced to 240 months' imprisonment, below the low end of his guidelines range.

Thornton is eligible for resentencing under the First Step Act because his current sentence relates to a covered offense. *See United States v. Boulding*, 960 F.3d 774, 781 (6th Cir. 2020). In other words, the crime charged in the indictment (distributing and possessing with intent to distribute five grams or more of a mixture or substance containing cocaine base) no longer triggers the penalties set forth in 21 U.S.C. § 841(b)(1)(B). Instead, the offense falls under § 841(b)(1)(C). As Thornton points out, there is no statutory minimum sentence under § 841(b)(1)(C), and the new statutory maximum is 30 years.

The Court is not required to reduce the sentence of an eligible defendant. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. In determining whether a sentence reduction is appropriate, the court considers the factors outlined in 18 U.S.C. § 3553(a), including the defendant's amended sentencing guidelines range, and any relevant post-sentencing conduct. *See United States v. Flowers*, 963 F.3d 492 (6th Cir. 2020); *United States v. Allen*, 956 F.3d

---

[2] Thornton had two prior convictions for trafficking in a controlled substance in the first degree and a prior conviction for first-degree assault. He cites *Lester v. Flournoy*, 909 F.3d 708 (4th Cir. 2018), in an apparent attempt to suggest that he was erroneously classified as a career offender. But Thornton does not offer any substantive argument on this front.

355, 358 (6th Cir. 2020). The Court must ensure that the sentence is "sufficient but not greater than necessary to achieve the purposes of sentencing." *Flowers*, 963 F.3d at *5.

The Court begins its analysis by recalculating Thornton's advisory sentencing guidelines range using the 2018 edition of the guidelines. As previously noted, 382.72 grams of cocaine base were attributed to Thornton at sentencing. This quantity of cocaine base now results in a base offense level of 30. *See* U.S.S.G. § 2D1.1(c). However, Thornton remains a career offender under U.S.S.G. § 4B1.1. *See United States v. Beamus*, 943 F.3d 789, 791-92 (6th Cir. 2019) (otherwise eligible career offender may seek resentencing under 2018 Act); *United States v. Jones*, 962 F.3d 1290, 1305 (11th Cir. 2020) (same); *United States v. Tennille*, No. 5:96-CR-016-JMH, 2020 WL 2832223, at *2 (E.D. Ky. May 29, 2020).

Since the statutory maximum sentence for Thornton's offense is now 30 years rather than life, the offense level becomes 34. *See* § 4B1.1(b). And after applying a three-level reduction for acceptance of responsibility, his total offense level is 31. Considered with his criminal history category of VI, this produces a guidelines range of 188 to 235 months' imprisonment.

As the Court explained during sentencing, the factors under 18 U.S.C. § 3553(a) support the substantial sentence that was imposed. Thornton committed a very serious crime by trafficking controlled substances to a confidential witness in Eastern Kentucky. Further, Thornton's criminal history is extensive. The PSR reflects that he was convicted in 13 separate criminal incidents between the ages of 18 and 25, which include serious controlled substance offenses and first-degree assault. Despite Thornton's previous convictions and resulting terms of imprisonment, he was not deterred from this pattern of ongoing criminal activity. Accordingly, a lengthy sentence is needed to reflect the seriousness of the offense, promote

respect for the law, to provide just punishment, and to afford adequate deterrence to this defendant. Additionally, such punishment is needed to deter others who may be inclined to commit similar crimes. Finally, a substantial sentence is needed to protect the public from the defendant's introduction of controlled substances into the community.

The Court also notes that Thornton already received a substantial downward departure based on matters discussed at the bench during his original sentencing. Based on those considerations, the Court departed by 60 months and imposed a 240-month sentence instead of the 300-month sentence it had originally determined was appropriate.

The defendant recently submitted a separate motion in which he reported that he has had two disciplinary infractions but has had an exemplary work history while in custody. [Record No. 67-3] He also provided an inmate education transcript showing that he has completed many educational courses in various subjects over the last ten years. [Record No. 67-1] In light of the defendant's post-sentencing conduct and the amended guidelines range, the Court finds that a very modest sentence reduction is appropriate. Accordingly, the defendant's sentence will be reduced by five months, for a sentence of 235 months' imprisonment.

### III.

Thornton has failed to demonstrate that he is entitled to compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Prior to enactment of the 2018 Act, a motion for compassionate release could only be brought by the Director of the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A) (2017). Section 3582(c)(1)(A) now provides that

> the court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Sentencing Guidelines explains that any of the following constitute "extraordinary and compelling reasons:"

    (A)    Medical Condition of the Defendant—
        (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
        (ii)    The defendant is—
            (I)    suffering from a serious physical or medical condition,
            (II)    suffering from a serious functional or cognitive impairment, or
            (III)    experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
    (B)    Age of the Defendant—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
    (C)    Family Circumstances –
        (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.
        (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
    (D)    Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling

reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Thornton reports that he is a "chronic care medical level 2 inmate due to seizures and chronic asthma." [Record No. 69, p. 12] He also indicates that he has a "golf ball size" hernia that restricts his breathing and that his respiratory problems put him at an increased risk if he contracts COVID-19 *Id*. However, Thornton has not alleged facts that constitute extraordinary and compelling circumstances as contemplated under § 3582(c)(1)(A) and U.S.S.G § 1B1.13. He has not argued or offered any evidence to suggest that he is suffering from a terminal illness. Further, he has not indicated that his conditions substantially diminish his ability to provide self-care within his facility of confinement. Accordingly, the defendant's motion for compassionate release will be denied.

### IV.

The defendant has asked the Court to conduct a hearing and that he be permitted to appear and present evidence "pursuant to 18 U.S.C. § 3553(a) and *Pepper v. United States*, 562 U.S. 476 (2011)." He contends that this is a "rare case" where his presence would be helpful at such a hearing, but he does not indicate of what type of evidence he would present. If the defendant possesses information concerning the § 3553(a) factors or post-sentencing conduct that he wishes the Court to consider, it is unclear why he would not discuss it in his motion for a sentence reduction.

Regardless, defendants are not entitled to plenary, in-person resentencing hearings under the 2018 Act. *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020). It is unclear whether Thornton seeks a hearing with respect to his request for compassionate release.

However, nothing in § 3582(c)(1)(A) requires a hearing, and the defendant has not provided any reasons that a hearing is necessary under these circumstances. Accordingly, it is hereby

**ORDERED** as follows:

1. Thornton's motion for a sentence reduction pursuant to Section 404 of the First Step Act and 18 U.S.C. § 3582(c)(1)(B) is **GRANTED**. Thornton's sentence of 240 months of imprisonment shall be reduced by 5 months (to 235 months of imprisonment). All other provisions of the judgment previously entered shall remain unchanged.

2. An Amended Judgment shall be prepared and entered forthwith.

Dated: July 24, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky