UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 06-070-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL THORNTON, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

Defendant Michael Thornton pleaded guilty in 2006 to distributing and possessing with the intent to distribute five grams or more of a mixture or substance containing cocaine base. He was sentenced to 240 months of imprisonment, to be followed by eight years of supervised release. [Record Nos. 37, 60] On July 24, 2020, Thornton's sentence was reduced to 235 months' imprisonment pursuant to his motion for relief under section 404 of the First Step Act of 2018. [Record No. 70]

The Court has now received correspondence from Thornton in which he asks to be "moved close to home" and to be "release[d] to home confinement." In support, he reports that he has tested positive for COVID-19 and that if he requires medical intervention, "it surely would be a death sentence."

The Bureau of Prisons ("BOP") is the sole agency charged with discretion to place a convicted defendant within a particular facility. *See Hollis v. Booker*, 2006 WL 379385 (E.D. Ky. Feb. 16, 2006); 18 U.S.C. § 3621(b). To the extent the defendant seeks compassionate

release under 18 U.S.C. § 3582(c)(1)(A), he has not identified extraordinary and compelling circumstances warranting relief.

## I.  Compassionate Release

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A), which provides:

> the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A three-step test applies to determining whether compassionate release is appropriate. *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). First, the Court must determine whether extraordinary and compelling reasons warranting a sentence reduction exist. *Id*. Second, the Court must consider any applicable policy statements found in the United States Sentencing Guidelines. *Id.* at 1108. Third, the Court must determine whether relief is warranted under the factors stated in 18 U.S.C. § 3553(a). *Id.*

The Sixth Circuit has made clear that there is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on his own behalf. *Id.* at 1108-09. Accordingly, when dealing with motions filed by prisoners, the Court skips step two of the

---

[1] There is no indication that Thornton has pursued administrative remedies. Accordingly, it is likely that his motion would be denied on that basis if the United States were given an opportunity to respond. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("When 'properly invoked,' mandatory claims-processing rules 'must be enforced.'").

three-step analysis. *Id.* at 1111. Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, --F.3d--, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021).

### A. Extraordinary and Compelling Reasons

When an imprisoned person files a motion for compassionate release, the district court has "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109. While the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a helpful starting point for deciding whether extraordinary and compelling reasons exist. As relevant here, the application notes to § 1B1.13 provide the following:

> (A)   Medical Condition of the Defendant—
>       (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>       (ii)  The defendant is—
>             (I)   suffering from a serious physical or medical condition,
>             (II)  suffering from a serious functional or cognitive impairment, or
>             (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant Thornton is housed at USP Victorville in Victorville, California. Thornton reports that he has contracted COVID-19, but does not indicate that he suffers from any underlying health issues that place him at an increased risk of severe complications. The

defendant is 42 years old and, at the time of sentencing, did not report any of the medical conditions identified by the CDC as putting him at greater risk of severe illness.[2] Additionally, the defendant does not claim that he is receiving inadequate care for his condition, nor does he explain how being released would prevent him from developing severe complications. Thornton suggests that medical resources are stretched thin in California, but this is the case in much of the country, including Kentucky.[3] Further, Thornton does not state where he would reside if released.

USP Victorville houses 1,166 inmates. The BOP reports that 105 inmates and 25 staff members at Victorville USP are currently diagnosed with COVID-19.[4] Further, 316 inmates and 36 staff members have recovered from the virus; none have died. These statistics indicate that BOP officials at Victorville USP are taking reasonable steps to slow the spread of COVID-19 and to provide necessary medical care to those who test positive.

As the Court has previously explained, generalized fears of contracting COVID-19 do not constitute an extraordinary and compelling reason for release. *See United States v. Cundiff*, 2020 WL 4949692, at *2 (E.D. Ky. Aug. 24, 2020). It follows that generalized fears or speculation associated with COVID-19 also do not constitute an extraordinary and compelling

---

[2] CENTERS FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, (updated Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3] WKYT, *Interactive: A look at hospital capacity in Kentucky*, (published Dec. 9, 2020), https://www.wkyt.com/2020/12/09/interactive-a-look-at-hospital-capacity-in-kentucky/.

[4] BUREAU OF PRISONS, *COVID-19 Coronavirus*, (updated Jan. 7, 2021) https://www.bop.gov/coronavirus/.

- 5 -

reason for release. Further, the defendant's release to home confinement would put at risk his family, United States Marshals responsible for transporting him, and United States Probation Officers supervising his release. *See United States v. Ramadan*, 2020 WL 5758015, at *2 (6th Cir. 2020).

### B. Section 3553(a) Factors

The Court could deny the defendant's motion based solely on his failure to provide compelling and extraordinary reasons for release. *See Elias*, --F.3d--, 2021 WL 50169, at *2. Nonetheless, the Court finds that the § 3553(a) factors also weigh against granting the defendant's motion for release.

As the Court explained previously, the defendant's drug trafficking offense was very serious. His criminal history is extensive and indicates that prior punishments did not deter him from engaging in criminal activity. The defendant has already received a substantial reduction from the 300-month sentence the Court originally determined was appropriate. And while the defendant has completed various educational courses and maintained employment while incarcerated, he has received disciplinary infractions. Based on these considerations, 235 months' imprisonment remains the lowest sentence that is sufficient, but not greater than necessary, to fulfill the objectives of § 3553(a).

### II.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. The correspondence from Defendant Michael Thornton shall be filed in the record.

- 6 -

    2.    Thornton's request to be moved to a different facility and/or for compassionate release is **DENIED**.

Dated: January 8, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky